IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK05-44391 |
| | ) | |
| DONALD EUGENE MACEK and | ) | CH. 7 |
| BEVERLY JEAN MACEK, | ) | |
| | ) | |
| Debtors. | ) | |
| EXCHANGE BANK, | ) | ADV. PROC. 06-04001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD EUGENE MACEK and | ) | |
| BEVERLY JEAN MACEK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Trial was held in Lincoln, Nebraska, on March 6, 2007, on the Complaint Objecting to Discharge Pursuant to 11 U.S.C. §§ 523 and 727 filed by Plaintiff, Exchange Bank. Gene T. Oglesby appeared for Defendants, Donald Eugene Macek and Beverly Jean Macek. Michael R. Snyder appeared for Plaintiff. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(J).

This matter was before the Court on Plaintiff's Complaint Objecting to Discharge Pursuant to 11 U.S.C. §§ 523 and 727. Plaintiff did not ultimately proceed under 11 U.S.C. § 523, but instead proceeded under 11 U.S.C. § 727(a)(2) and (4). Specifically, Plaintiff asserts that Defendants failed to disclose assets in their bankruptcy schedules. The assets were fractional interests in two residential houses Donald Macek owned on the date of bankruptcy filing, and a fractional interest in a teacher's retirement annuity that Defendant Donald Macek had inherited from his mother prior to the date of bankruptcy filing. Defendants assert that they should still be entitled to a discharge despite failing to list those assets on their schedules because they did not know Donald had been listed on the deeds to the subject parcels of real estate, and they forgot about the teacher's annuity.

### *Findings of Fact*

1.    By virtue of a deed dated July 1, 1994, and recorded in the office of the Register of Deeds of Buffalo County, Nebraska, on July 13, 1994, Donald Macek was granted an undivided one-sixth interest in the real property and improvements legally described as the South Half (S½) of Lot

Five (5) and all of Lot Six (6), Block Three (3), First Addition to Ravenna, Buffalo County, Nebraska.

2.      By virtue of a deed dated July 19, 1996, and recorded in the office of the Register of Deeds of Buffalo County, Nebraska, on July 23, 1996, Donald Macek was granted an undivided one-third interest in the real property and improvements legally described as Lot One (1), Block Six (6), Second Addition to Ravenna, Buffalo County, Nebraska.

3.      The deeds referenced above were executed and recorded by Donald Macek's parents, Joseph Eugene Macek and Irene G. Macek.

4.      Irene Macek died in 2004.  Joseph Eugene Macek predeceased her.

5.      On June 8, 2004, Defendant Donald Macek and his sister, Patricia Dubbs, were appointed as co-personal representatives of the estate of Irene G. Macek, deceased.

6.      On February 9, 2005, Donald Macek and Patricia Dubbs executed an inventory of the estate as co-personal representatives.  In that inventory, the estate was shown to own no real estate.

7.      On April 26, 2005, Donald Macek and Patricia Dubbs, as co-personal representatives, executed an informal closing of estate by verified statement.

8.      Around September 2005 Defendants retained Gene T. Oglesby as their attorney to file a Chapter 7 bankruptcy proceeding.  As part of that process, Defendants completed draft schedules in which they listed in Schedule B, Sections 18 and 19, the "Irene Macek Estate" having an "unknown" value.  They did not list ownership of any real estate.

9.      When providing the draft schedules to Mr. Oglesby, Defendants did include a sticky note upon which Defendant Beverly Macek wrote "Irene Macek's Estate 2- Home's that are For Sale, are may of Sold[.]" On that same note, Defendant Donald Macek wrote "Bill Francis Attorney for Estate also my sister Pats Attorney for there bankruptcy and their family Attorney  Much favorsism toward her  I have only talked with him once since Sept 4 2004  He and Pat make all Decision  Im Co personal Rep of the estate[.]"

10.     On October 6, 2005, Defendants filed their voluntary Chapter 7 petition.  Their schedules did not list ownership of any real estate.  Their "unknown" interest in the estate of Irene Macek was listed on Schedule B, Sections 18 and 19.

11.     For years, Defendants had not been on speaking terms with Donald Macek's siblings. Donald Macek testified that he simply signed whatever estate paperwork his sister and her attorney told him to sign, and that he did not read it.

12. At the § 341 meeting in his bankruptcy case, Donald Macek testified that he did not receive any assets from his mother's probate estate and listed the value as "unknown" because he did not know what he was going to receive. He further testified that he did not know if his name was on the deeds to the properties she owned in Ravenna.

13. Also at the § 341 meeting, Donald Macek acknowledged receiving approximately $120.00 per month from the Nebraska school retirement system annuity that he received from his mother.

### *Discussion*

In discussing denial of a debtor's discharge, the Eighth Circuit Bankruptcy Appellate Panel has stated "[t]he denial of a debtor's discharge is a 'harsh sanction,' therefore, the provisions of 11 U.S.C. § 727(a) are 'strictly construed in favor of the debtor.'" *Floret, L.L.C. v. Sendecky (In re Sendecky)*, 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002) (citations omitted). The Eighth Circuit Bankruptcy Appellate Panel further stated that in order for a false statement made in connection with a case to bar a debtor's discharge, the statement must be both material and made with intent. *Korte v. United States of America Internal Revenue Service (In re Korte)*, 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001).

In this case, it is clear that Defendants failed to list in their schedules their fractional ownership interest in the two parcels of real estate and the teacher's annuity. Plaintiff points to the estate paperwork as evidence that Donald knew the houses were not in the estate. However, Donald testified that he really did not read the estate paperwork, and he just signed what his sister told him to sign. Plaintiff did not present any evidence to the contrary.

It is also clear that Defendants thought the real estate was tied up in the estate of Irene Macek and actually disclosed that fact to their attorney with the yellow sticky note attached to their draft schedules. Defendants relied on their attorney to properly identify that real estate in their bankruptcy schedules. Thus, even though Defendants should have known about and should have listed the real estate ownership interests, Defendants' mistaken reliance on counsel's advice can excuse fraudulent intent. *Sendecky*, 283 B.R. at 765; *Kaler v. McLaren (In re McLaren)*, 236 B.R. 882 (Bankr. D.N.D. 1999). With respect to the teacher's annuity, Defendants testified that they simply forgot about it in completing their schedules and readily acknowledged its existence when questioned. The testimony of both Defendants on this issue was credible.

No evidence was presented by Plaintiff to indicate a fraudulent intent by Defendants in failing to disclose assets. "The burden of proof is on the objecting party to prove each element of a section 727 Complaint by a preponderance of the evidence." *Sendecky*, 283 B.R. at 763; *Korte*, 262 B.R. at 471. Since the intent element is lacking, this Court finds in favor of Defendants. They are entitled to a discharge and Plaintiff's Complaint should be dismissed.

Separate judgment to be filed.

DATED: March 9, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Michael R. Snyder
    Gene T. Oglesby
    John A. Wolf
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.